IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK MINEFEE, | ) | CASE NO. 1:15-cv-01352 |
| | ) | |
| Petitioner, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE GREG WHITE |
| | ) | |
| GRAFTON CORRECTIONAL | ) | |
| INSTITUTION WARDEN, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | |

Petitioner, Patrick Minefee ("Minefee"), challenges the constitutionality of his conviction in the case of *State v. Minefee*, Cuyahoga County Court of Common Pleas Case No. CR-12-562160-C. Minefee, *pro se*, filed a Petition for Writ of Habeas Corpus (ECF No. 1) pursuant to 28 U.S.C. § 2254 on July 6, 2015. On September 18, 2015, Jerry Spatny, acting warden of the Grafton Correctional Institute ("Respondent"), filed an Answer/Return of Writ. (ECF No. 9.) Minefee filed a Traverse on October 7, 2015. (ECF No. 11.) For reasons set forth in detail below, it is recommended that Minefee's petition be DISMISSED as time barred.

**I. Procedural History**

**A.   Conviction**

During its January 2013 term, a Cuyahoga County Grand Jury charged Minefee with one count of kidnapping in violation of Ohio Revised Code ("O.R.C.") § 2905.01(B)(2), one count of

attempted murder in violation of O.R.C. §§ 2903.02(A) & 2923.02, two counts of felonious assault in violation of O.R.C. §§ 2903.11(A)(1) & (2), two counts of aggravated robbery in violation of O.R.C. §§ 2911.01(A)(1) & (3), one count of discharging a firearm on or near a prohibited premises in violation of O.R.C. § 2923.162(A)(3), one count of carrying a concealed weapon in violation of O.R.C. § 2923.12(A)(2), one count of improperly handling a firearm in a motor vehicle in violation of O.R.C. § 2923.16(B), and one count of tampering with evidence in violation of O.R.C. § 2921.12(A)(1). All charges carried weapon forfeiture specifications, and all but the final three carried one and three-year firearm specifications. (ECF No. 9-1, Exh. 1.)

On September 26, 2012, Minefee pled guilty to all charges and entered a negotiated plea. (ECF No. 9-1, Exh. 5.) On October 1, 2012, Minefee's attempt to withdraw his plea was denied. (ECF No. 10, Tr. 58-71.) The trial court imposed a jointly recommended sentence of 19.5 years incarceration. (ECF No. 10, Tr. 77.)

**B. Direct Appeal**

On November 21, 2012, Minefee, *pro se*, filed a Notice of Appeal with the Court of Appeals for the Eighth Appellate District ("state appellate court"). (ECF No. 9-1, Exh. 7.) On February 22, 2013, Minefee, through new counsel, raised the following assignments of error:

1. The trial court violated Defendant's due process rights as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and erred under Ohio Crim. R. 11(C).

2. The trial court erred and abused discretion in denying Defendant's presentence motion to withdraw his guilty plea under Crim.R. 32.1.

3. The trial court abused discretion in assessing the court costs to indigent defendant.

4. Defendant was denied his constitutional right to effective assistance of

>   counsel pursuant to the Sixth and Fourteenth Amendments to the United
>   States Constitution and Article I, Section X of the Ohio Constitution.

(ECF No. 9-1, Exh. 8.)

On July 18, 2013, Minefee's conviction was affirmed.  (ECF No. 9-1, Exh. 11.)

No appeal was filed with the Supreme Court of Ohio.

**C.   Application to Reopen Appeal**

On October 2, 2013, Minefee, through new counsel, filed an application to reopen his appeal pursuant to Ohio App. R. 26(B) raising the following assignment of error:

>   1.   The trial court erred by imposing consecutive sentences for the allied
>        offenses of aggravated robbery and felonious assault.

(ECF No. 9-1, Exh. 12.)

On February 26, 2014, the state appellate court denied the application.  (ECF No. 9-1, Exh. 15.)

On April 14, 2014, Minefee, *pro se*, appealed the denial of his 26(B) application to the Supreme Court of Ohio.  (ECF No. 9-1, Exh. 16.)  He raised the following propositions of law:

>   1.   A defendant is denied his constitutional right to effective assistance of
>        appellate counsel on direct appeal when counsel omits raising an error that
>        could have effected [sic] the result of the appeal in favor of the defendant.
>
>   2.   The trial court erred by imposing consecutive sentences for the allied
>        offenses of Aggravated Robbery and Felonious Assault, a violation of the
>        Double Jeopardy Clause to the United States Constitution.

(ECG No. 9-1, Exh. 17.)

On July 23, 2014, the Supreme Court of Ohio declined to accept jurisdiction pursuant to S. Ct. Prac. R. 7.08(B)(4).  (ECF No. 9-1, Exh. 18.)

**D.    Federal Habeas Petition**

On July 6, 2015, Minefee filed a Petition for Writ of Habeas Corpus asserting the following grounds for relief:

> **GROUND ONE**: Petitioner was deprived of the effective assistance of counsel on appeal, in violation of the Sixth and Fourteenth Amendments.
>
> *Supporting Facts*: Appellate counsel failed to raise significant and obvious issues of constitutional magnitude with reasonable probability of success. Specifically, counsel failed to present a Double Jeopardy argument regarding sentencing on both aggravated robbery and felonious assault which are "allied offenses of similar import." Notably, petitioner's co-defendant raised the exact issue, under the exact circumstances and factual predicate as Petitioner's case and was successful. (*State v. Collins*, 8th Dist. No. 99111, 2013-Ohio-3726.)
>
> Had counsel properly raised this issue, Petitioner's sentence would have appropriately been reduced by six (6) years to 11.5 years.
>
> **GROUND TWO**: Petitioner was deprived of his Double Jeopardy protections for being punished twice for the same conduct by being sentenced to consecutive terms for "allied offenses," in violation of the Fifth and Fourteenth Amendments.
>
> *Supporting Facts*: The offenses of Aggravated Robbery and Felonious Assault are "allied offenses of similar import" under Ohio law and are thus subject to merger of sentences, pursuant to adherence to Constitutional protection against Double Jeopardy as codified in Ohio Law.
>
> Petitioner was sentenced to serve consecutive sentences for these offenses which were subject to merger, thus depriving him of his double jeopardy protections.

(ECF No. 1.)

## II.  Statute of Limitations

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997). The relevant provisions of AEDPA state:

> (d)(1) A one year period of limitations shall apply to the filing of an

>application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of
>
>>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & (2).

**A.  One-Year Limitation**

In the instant action, Respondent asserts that Minefee's petition is time-barred because he did not file within the one-year limitations period.  (ECF No. 9 at 6-12.)  Respondent contends that Minefee's conviction became final on September 2, 2013, forty-five (45) days after the state appellate court first ruled and the time to file a timely notice of appeal with the Supreme Court of Ohio expired.  *Id*. at 8.  Ohio S.Ct. R. 7.01(A)(1) requires appeals to be perfected within 45 days.[1]

---

[1] The state appellate court's decision is dated July 18, 2013.  (ECF No. 9-1, Exh. 11.)  Therefore, September 1, 2013 was the last day Minefee could have filed a timely appeal with the Ohio Supreme Court.  However, September 1, 2013 fell on a Sunday, and

Thereafter, the statute of limitations ran for twenty-eight (28) days. On the twenty-ninth (29th) day, October 2, 2013, Minefee filed an application to reopen his appeal pursuant to Ohio App. R. 26(B). This paused the statute of limitations. The AEDPA tolls the one-year limitations period during the time "'a properly filed application for State postconviction or other collateral review . . . is pending.' § 2244(d)(2)." *Evans v. Chavis*, 546 U.S. 189, 191 (2006); *Carey v. Saffold*, 536 U.S. 214 (2002); *accord Matthews v. Abramajtys*, 319 F.3d 780, 787 (6th Cir. 2003). "The time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law." *Id.*

Only "properly filed" applications for postconviction relief or collateral review toll the statute of limitations, and "a state postconviction petition rejected by the state court as untimely is not 'properly filed' within the meaning of § 2244(d)(2)." *Allen v. Siebert*, 552 U.S. 3, 128 S. Ct. 2, 3 (2007); *Pace v. DiGuglielmo,* 544 U.S. 408, 125 S.Ct. 1807 (2005) ("time limits, no matter their form, are 'filing' conditions, and a state postconviction petition is therefore not 'properly filed' if it was rejected by the state court as untimely")*; Monroe v. Jackson*, 2009 WL 73905, *2, Case No. 2:08cv1168 (S.D. Ohio Jan. 8, 2009). A timely filed state post-conviction matter, however, cannot serve to toll a statute of limitations which has already expired before the motion was filed. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). Section 2244(d)(2)'s tolling provision "does not ... 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause

---

September 2, 2013 fell on Labor Day. Giving Minefee every reasonable benefit, state courts may have accepted a late filing for dates that landed on a weekend or a holiday. As such, an appeal filed on September 3, 2013 may have been deemed timely. Therefore, at the very latest, the AEDPA statute of limitations began running on, and included, September 4, 2013.

a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman*, 346 F.3d at 602 (citation omitted). Further, if a state court ultimately denies a petition as untimely, that petition was neither properly filed nor pending and a petitioner would not be entitled to statutory tolling. *See Monroe* at *2; *Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007).

The statute of limitations continued to toll until July 23, 2014 — the day the Ohio Supreme Court declined to accept jurisdiction over Minefee's appeal from the denial of his 26(B) application. (ECF No. 9-1, Exh. 18.) The statute of limitations resumed the next day, on July 24, 2014, and continued to run for another 337 days until it expired on Thursday, June 25, 2015.[2] Minefee's traverse, as well as his motion for leave to amend the petition, confirms that his habeas petition was not placed into the prison mailing system until June 29, 2015. (ECF No. 11 at 2; ECF No. 12-1 at 5.)

Respondent is correct that the ninety days of tolling that is tacked on after the Ohio Supreme Court denies a *direct* appeal — the time allowed to file a petition for a petition for writ of certiorari — does not apply to appeals from *collateral* review decisions. As explained by another court of this district, "in the wake of *DiCenzi v. Rose*, [452 F.3d 465, 468 (6th Cir. 2006)] and the decision by the U.S. Supreme court in *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007), [a petitioner] should not receive the advantage of tolling of 90 days for certiorari review by the U.S. Supreme Court from the Ohio Supreme Court's denial of the motion for delayed appeal, even when no such review is sought because a motion for delayed appeal before the Ohio Supreme Court is a form of postconviction or **collateral** review governed by § 2244(d)(2)." *Kimble v.*

---

[2] Adding 337 days to the previously elapsed 28 days equals 365.

*Gansheimer*, 2009 U.S. Dist. LEXIS 113297, 9-10 (N.D. Ohio June 26, 2009) (emphasis added); *see also Carter v. Mitchell*, 693 F.3d 555, 565 (6th Cir. 2012) ("A Rule 26(B) application is a collateral challenge."); *Tolliver v. Sheets*, 594 F.3d 900, 929 (6th Cir. 2010) ("Under Ohio law, however, a Rule 26(B) proceeding is a 'separate collateral' proceeding rather than part of the original appeal.") (citations omitted).  "The Ohio Supreme Court dismissed petitioner's appeal of the denial of his Rule 26(B) application.... Petitioner was not entitled to an additional 90 days of tolling of the limitations period in which he could have petitioned for certiorari to the United States Supreme Court because his Rule 26(B) application is considered an application for state post-conviction relief which, unlike 'direct review' of a conviction, is not subject to an addition 90 days of tolling." *Hairston v. Jackson*, 2010 U.S. Dist. LEXIS 106065 at \*\*9-10 (S.D. Ohio May 26, 2010); *see also Coldiron v. Timmerman-Cooper*, 2007 U.S. Dist. LEXIS 40396 at \*\* 8-9 (N.D. Ohio June 4, 2007) (finding that petitioner's 26(B) application tolled the AEDPA statute of limitations until the Ohio Supreme Court dismissed his subsequent appeal, but that "the certiorari period no longer tolls the statute, [and] the limitations period again began to run."); *Johnson v. Warden of Chillicothe Corr. Inst.*, 2007 U.S. Dist. LEXIS 103459 at n. 4 (S.D. Ohio July 6, 2007) ("After *Lawrence*, however, § 2244(d)(2) does not toll the one-year limitations period for a state application for post-conviction relief during the pendency of a petition for certiorari.")

Therefore, unless equitable tolling is appropriate or Minefee is entitled to begin calculating the statute of limitations from an alternative date, his petition should be dismissed as time-barred.

**B.  Factual Predicate**

Pursuant to 28 U.S.C. § 2244(d)(1)(D), the statute of limitations may commence later than the date when a petitioner's conviction became final if "the factual predicate of the claim or claims

presented" was not discovered by a petitioner, acting with due diligence, until a later date. Minefee's traverse contains no argument suggesting that a later start date is appropriate.

**C.  Equitable Tolling**

Finally, the Court finds that equitable tolling is not appropriate.  Minefee did raise a tolling argument in his Traverse after Respondent argued his petition was untimely.  *See, e.g., Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (holding that a petitioner bears the burden of proving that equitable tolling is applicable).  In order to be entitled to equitable tolling, Minefee must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Id.*; *see also Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

Minefee's petition was only a few days late.  However, the fact that Minefee came close to meeting the deadline does not provide a basis for equitable tolling.  Other courts have observed that filing a habeas petition even one day late does not automatically establish a sufficient basis for equitable tolling.  *See, e.g., Simpson v. LaRose*, No. 1:13-cv-1005, 2013 WL 5924161, at *2 (N.D. Ohio Oct. 31, 2013) ("Though Petitioner filed his Petition only one day late, the fact remains that it was late.") (*citing United States v. Locke*, 471 U.S. 84, 101, 105 S.Ct. 1785, 85 L.Ed.2d 64 (1985) (holding that statute of limitations expiration dates are rigid, as allowing for leeway even for one day would create a "cascade of exceptions that would engulf the rule erected by the filing deadline")); *Khrayan v. Lewis*, 2014 WL 562455, at *3 (C.D. Cal. Feb. 10, 2014) ("The fact that the present Petition was lodged only one day after the statute of limitations expired cannot provide a basis for equitable tolling or for otherwise avoiding the sometimes harsh consequences of the statute of limitations.") (*citing Rouse v. Lee*, 339 F.3d 238, 253 (4th Cir. 2003), *cert. denied*, 541 U.S. 905, 124 S.Ct. 1605, 158 L.Ed.2d 248 (2004) (barring as untimely a federal habeas petition

filed one day late in a death penalty case)).

Moreover, even if being only a few days late could be construed as proof of a modicum of diligence, it does nothing to establish the second requirement  that some extraordinary circumstance prevented a timely filing.  "Petitioner must show that an 'external force' caused the untimeliness, rather than 'oversight, miscalculation or negligence.'"  *Khrayan*, 2014 WL 562455, at *3 (*citing Waldron Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir.), *cert. denied*, 558 U.S. 897, 130 S.Ct. 244, 175 L.Ed.2d 167 (2009)).

Minefee presents two arguments in support of equitable tolling.  The first is essentially ignorance of the law, where Minefee avers that he was unaware that any time had run on the statute of limitations prior to the ultimate denial of his 26(B) application when the Supreme Court of Ohio declined to accept jurisdiction.  (ECF No. 11 at 5-6; ECF No. 15 at 1-2.)  Though Minefee denies that this argument is tantamount to an ignorance of the law argument, his suggestion that he was misled by the state court when it deemed his 26(B) application timely is meritless.  (ECF No. 15 at 2.)  Minefee conflates two unrelated determinations.  The AEDPA statute of limitations commenced, as stated above, forty-five (45) days after the state appellate court affirmed his conviction when the time to file an appeal to the Supreme Court of Ohio expired.  The state appellate court's determination as to whether a 26(B) application has been timely filed is irrelevant, as it is not part of direct review.  Furthermore, Ohio App. R. 26(B)(1) allows a defendant ninety (90) days to request a reopening of his appeal.  As such, Minefee's argument is, at its very heart, an argument that he was ignorant of the law, as he was unaware of when the statute of limitations commenced.  Such an argument is unavailing.  *See Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991) ("ignorance of the law alone is not sufficient to warrant equitable tolling."); *accord Allen v.*

*Yukins*, 366 F.3d 396, 403 (6th Cir. 2004); *Allen v. Bell*, 250 Fed. Appx. 713, 716 (6th Cir. 2007); *Thomas v. Romanowski*, 362 Fed. App'x 452 (6th Cir. Mich. 2010). Minefee's *pro se* status alone is insufficient to excuse his untimeliness as most habeas petitioners are without counsel. To find otherwise would result in equitable tolling becoming the norm rather than the exception.

Minefee next asserts that he was "subjected to an institutional transfer" while the statute of limitations was running. (ECF No. 11 at 4.) In the reply to the traverse, Respondent points out that Minefee was not transferred until June 23, 2015 just days before his petition was due. (ECF No. 14 at 5.) Respondent also contends that Minefee was aware of his pending transfer yet opted against submitting his petition early. *Id.* at 4-5. Minefee's reply brief does not refute these assertions. (ECF No. 15.) Furthermore, the Court does not believe that waiting until the eleventh hour to file a petition is indicative of diligence, nor is a brief institutional transfer an extraordinary circumstance. *See, e.g., Johnson v. Quarterman*, 483 F.3d 278, 286 (5th Cir. 2007) (finding that habeas counsel, who had nine months to prepare the petition, demonstrated a "lack of diligence which cannot support application of the doctrine of equitable tolling" by waiting until the very last day to file the petition); *cf. Hernandez v. Holder*, 457 Fed. App'x 487 (6th Cir. 2012) (alien did not demonstrate that she acted with the diligence necessary to entitle her to equitable tolling" when she waited "until the eleventh hour to submit an application"); *Lyons v. Emerick*, 187 Fed. App'x 219, 222 (3d Cir. 2006) (*pro se* prisoner "did not exercise reasonable diligence in pursuing his claims and, thus, is not eligible for equitable tolling" when he "waited until the last minute" to obtain the necessary paperwork from the prison in order to file his complaint *in forma pauperis*). Minefee has also offered no explanation as to why he could not have filed his petition a few days early if he was aware of the pending transfer. As such, the Court cannot find that any "extraordinary

circumstance" prevented Minefee him from meeting the filing requirements.

Without the benefit of equitable tolling, the instant petition is untimely and should be dismissed.

**D.    Actual Innocence**

In *McQuiggin v. Perkins*, ___ U.S. ___, 133 S. Ct. 1924, 1928, 185 L. Ed. 2d 1019 (2013), the United States Supreme Court recently held that actual innocence, if proved, may overcome the expiration of AEDPA's one-year statute of limitations. The Court noted that a claim of actual innocence is not a request for equitable tolling but, rather, a request for an equitable exception to § 2244(d)(1). *Id.* at 1931. The Supreme Court explained, however, that "tenable actual-innocence gateway pleas are rare." *McQuiggin*, 133 S.Ct. at 1928. In such cases, a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995).

Here, Minefee has not argued that he is actually innocent.

### III.  Other Motions

Pending on the docket are three motions filed by Minefee. The first is for leave to amend the petition. (ECF No. 12.) In this motion, Minefee merely seeks to add the final four pages of the habeas petition, which he indicates were inadvertently omitted or severed from the original. *Id*. The motion does not seek to add any new grounds for relief. The motion is GRANTED, and the Court has construed the missing four pages as part of the original petition. Minefee also filed a motion to compel production of transcripts on October 7, 2015. (ECF No. 13.) Respondent states that the transcripts were mailed to Minefee on October 2, 2015    the same day Minefee mailed his

motion to the Court. (ECF No. 14 at n. 2.) The transcripts were also filed with the Court that same date. (ECF No. 10.) As such, the motion is DENIED as moot. Finally, Minefee filed a motion for leave to file a reply *instanter* to Respondent's reply. (ECF No. 15.) The motion is GRANTED, and the Court has considered the arguments Minefee made in his last filing.

### IV. Conclusion

For the foregoing reasons, it is recommended that this matter be DISMISSED as time barred.

/s/ *Greg White*
U.S. Magistrate Judge

Date: December 7, 2015

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).