PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK MINEFEE, | ) | |
| | ) | CASE NO. 1:15CV1352 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| GRAFTON CORRECTIONAL | ) | |
| INSTITUTION WARDEN, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Respondent. | ) | **ORDER** [Resolving ECF No. 21] |


Pending is a motion for relief from judgment filed by *pro se* Petitioner Patrick Minefee.

ECF No. 21.  Respondent Grafton Correctional Institution Warden has filed a response.  ECF

No. 22.  The Court has been advised, having reviewed the record, the parties' briefs and the

applicable law.  For the reasons that follow, Petitioner's motion is denied.

## I.  Background & Procedural History

*Pro se* Petitioner Patrick Minefee filed a Petition for a Writ of Habeas Corpus pursuant to

28 U.S.C. § 2254 (ECF No. 1), alleging two grounds for relief which challenge the constitutional

sufficiency of his state conviction (Cuyahoga County, Court of Common Pleas Case No. CR-12-

562160-C).  On July 30, 2015, the case was referred to Magistrate Judge Greg White for

preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule

72.2(b)(2).  On December 7, 2015, the magistrate judge submitted a report (ECF No. 16)

recommending that the petition be dismissed as time barred.  Pursuant to Federal Rule of Civil

(1:15CV1352)

Procedure 72(b)(2), objections to the Report and Recommendation were due within 14 days after

service.  The Court granted Petitioner an extension of time until January 25, 2016 to file any

objection.  *See* Order, Jan. 6, 2016.

A review of the docket indicates that no objections were filed with the Clerk of Court by

January 25, 2016.  On February 29, 2016, the Court issued its Memorandum of Opinion and

Order, and contemporaneously entered final judgment, adopting the magistrate judge's Report

and Recommendation and dismissing the petition for a writ of habeas corpus as time barred.  *See*

ECF Nos. 18, 19.  On March 18, 2016, Petitioner filed an appeal before the United States Court

of Appeals for the Sixth Circuit, Case No. 16-3260.[1]  The instant motion for relief from judgment

was subsequently filed on March 23, 2016.  ECF No. 21.  The Warden responded.[2]  ECF No. 22.

The matter is now ripe for adjudication.

## II.  Legal Standards

### A.  Standard of Review for Relief from Judgment

Federal Rule of Civil Procedure 60(a) provides, in relevant part, that "[t]he court may

correct a clerical mistake or a mistake arising from oversight or omission whenever one is found

in a judgment, order, or other part of the record.  The court may do so on motion or on its own,

---

[1]  The Sixth Circuit has held Petitioner's appeal in abeyance pending the Court's decision on Petitioner's motion for relief from judgment.  *See* Ruling Letter Sent (Oct. 26, 2016), ECF No. 8 in Case No. 16-3260.

[2]  Respondent correctly advises that the Court lacks jurisdiction to consider the motion for relief, given the pending appeal, and that the Court may do no more than "note for the record whether it would be inclined to grant [Petitioner's] motion."  ECF No. 22 at PageID #: 421.  Below, the Court explains why remand for further consideration of the objections is not warranted.

(1:15CV1352)

with or without notice."  The basic purpose of the rule is to authorize the court to correct errors

that are mechanical in nature and that arise from oversight or omission.  *In re Walter*, 282 F.3d

434, 440-41 (6th Cir. 2002).  The rule does not, however, authorize the court to revisit its legal

analysis or otherwise correct a substantive error in the judgment.  *Id.*

Rule 60(b) permits a district court to grant a motion for relief from the judgment for any

of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly
> discovered evidence that, with reasonable diligence, could not have
> been discovered in time to move for a new trial under Rule 59(b); (3)
> fraud (whether previously called intrinsic or extrinsic),
> misrepresentation, or misconduct by an opposing party; (4) the
> judgment is void; (5) the judgment has been satisfied, released, or
> discharged; it is based on an earlier judgment that has been reversed
> or vacated; or applying it prospectively is no longer equitable; or (6)
> any other reason that justifies relief.

"As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are

within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment."

*Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993).

Rule 60(b) does not permit parties to relitigate the merits of claims, or to raise new claims

that could have been raised during the litigation of the case or in the initial complaint.  Rather,

the purpose of a Rule 60(b) motion is to allow a district court to reconsider its judgment when

that judgment rests on a defective foundation.  The factual predicate of a Rule 60(b) motion,

therefore, deals with some irregularity or procedural defect in the procurement of the judgment

denying relief.  *See In re Abdur'Rahman*, 392 F.3d 174, 179-80 (6th Cir. 2004) (overruled on

other grounds).  It does not afford a defeated litigant a second chance to convince the court to

3

(1:15CV1352)

rule in his favor by presenting new explanations, new legal theories, or proof.  *Jinks v.*

*AlliedSignal*, Inc., 250 F.3d 381, 385 (6th Cir. 2001).

### B. Standard of Review for a Magistrate Judge's Report and Recommendation

When objections have been made to a magistrate judge's report and recommendation, the

district court's standard of review is *de novo*.  Fed. R. Civ. 72(b)(3).  A district judge:

> must determine *de novo* any part of the magistrate judge's disposition
> that has been properly objected to.  The district judge may accept,
> reject, or modify the recommended disposition; receive further
> evidence; or return the matter to the magistrate judge with
> instructions.

Fed. R. Civ. 72(b)(3).  Near verbatim regurgitation of arguments made in earlier filings are not

true objections.  When an "objection" merely states disagreement with the magistrate judge's

suggested resolution, it is not an objection for the purposes of this review.  *Cvijetinovic v.*

*Eberlin*, 617 F. Supp. 2d 620, 632 (N.D. Ohio 2008), *rev'd on other grounds*, 617 F.3d 833 (6th

Cir. 2010).  Such "general objections" do not serve the purposes of Fed. R. Civ. P. 72(b).  *See*

*Jones v. Moore*, No. 3:04CV7584, 2006 WL 903199, at *7 (N.D. Ohio April 7, 2006).  "A party

who files objections to a magistrate [judge]'s report in order to preserve the right to appeal must

be mindful of the purpose of such objections: to provide the district court 'with the opportunity to

consider the specific contentions of the parties and to correct any errors immediately.'"  *Id.*

(citing *U.S. v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981)).  The Supreme Court upheld this

rule in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), a habeas corpus case.

4

(1:15CV1352)

### III.  Analysis

#### A.  Filing of Petitioner's Objections

Petitioner seeks relief from judgment pursuant to Rule 60(b) on grounds that the Court

issued its ruling without having first considered his objections to the Report and

Recommendation.  He avers that his objections were completed and mailed in a timely manner.

ECF No. 21 at PageID #: 411.  Petitioner also asserts that he was unaware that the Clerk of Court

did not receive the mailing.  *Id.*  Petitioner contends that "extraordinary circumstances beyond his

control exist[ed] where, somehow either the institutional mail room or the U.S. Postal [S]ervice

failed in the delivery process."  *Id.* at PageID # : 410-11.  Petitioner's motion also includes a duly

sworn affidavit attesting to his contention.  *See* Affidavit of Petitioner ("Affidavit"), ECF No. 21-

1.  In addition, Petitioner attached to his motion a copy of a document entitled "Petitioner's

Objections to Magistrate's Report and Recommendation of 12/07/15 (Doc. # 16)."  ECF No. 21-

2.  The document includes a Certificate of Service paragraph stating: "I hereby certify that a true

copy of the foregoing was sent to the office of Jerri L. Fosnaught, Assistant Ohio Attorney

General, 150 E. Gay St., Columbus, Ohio 43215, via regular U.S. Mail on this ____ day of

January, 2016."  *Id.* at PageID #: 417.

In the Affidavit, Petitioner states that he "mailed a copy of the attached [objections] to

counsel for the respondent, who upon inquiry, will, if truthful, acknowledge receipt thereof[.]"

ECF No. 21-1, ¶ 3.  Petitioner also states that he "placed [the objections] in the outgoing

institutional mailbox in mid-January, 2016 with first class postage pre-paid, and addressed t[o]

the Clerk of this Court."  *Id.* at ¶ 2.  Petitioner alleges that "the actual date of mailing is the same

5

(1:15CV1352)

as that for the A[t]torney general, Ms. Fosnaught's copy [of the objections.]"  *Id.* at ¶ 3.

Petitioner also states that the copy of the objections attached to his motion is his "keep copy" that

is not dated or signed.  *Id.* at ¶ 5.

In response, counsel for Respondent—Jerri L. Fosnaught, Assistant Attorney

General—acknowledges that counsel "received a copy of Minefee's objections on January 8,

2016" and "[t]he copy attached to the motion for relief from judgment is similar to the copy

received[.]"  ECF No. 22 at PageID #: 420.  Counsel for Respondent further explains that "the

certificate of service indicated that the document was mailed on January 1, 2016."  *Id.*

Given counsel for Respondent's acknowledgment that counsel timely received objections

resembling the document attached to Petitioner's motion (ECF No. 21-2) on January 8, 2016, the

Court is inclined to deem Petitioner's objections (ECF No. 21-2) as timely filed pursuant to

Rules 60(b) and 72(b)(2).  Accordingly, the Court (in this writing) considers Petitioner's

Objections to Magistrate's Report and Recommendation of 12/07/15 (Doc # 16) ("Petitioner's

Objections"), ECF No. 21-2, as if they had been timely filed.

**B.  Petitioner's Objections**

Petitioner raises two objections to the magistrate judge's Report and Recommendation.

Both are related to the equitable tolling arguments Petitioner raised in his Traverse (after

Respondent argued that the petition was untimely).  ECF No. 21-2.  The Court finds that

Petitioner's Objections are near verbatim regurgitation of arguments unsuccessfully made in

earlier filings, not true objections.   Nevertheless, the "objections" are overruled as explained

below.

6

(1:15CV1352)

### i. Due Diligence

Petitioner objects to the magistrate judge's Report and Recommendation on grounds that the magistrate judge erred in finding that "Petitioner failed to demonstrate diligence relating to the fact that he was subjected to an institutional transfer and had to send his paperwork home pending the transfer[.]" ECF No. 21-2 at PageID #: 414.  Petitioner contends that the magistrate judge's finding was erroneous because the finding failed to consider all of the relevant facts "established in Petitioner's pleadings." *Id.*  Specifically, Petitioner alleges that the magistrate judge "overlook[ed]":

> [(1)] the fact that Petitioner was forced to send all of his paperwork home, well before [his institutional] transfer was effected, thus depriving him of the ability to even seek help to perfect the petition, and the fact that there is no ability to predict when an institutional transfer will occur, based upon basic security measures[; and (2)] the 'difficulties inherent in the prison environment' in figuring out the parameters and/or obtaining competent assistance to perfect a habeas petition.

*Id.*

Petitioner's objection regarding his exercise of diligence for a finding of equitable tolling pursuant to 28 U.S.C. § 2244(d)(1)(D) repeats the arguments he made in his Traverse (ECF No. 11).  *See* ECF No. 11 at PageID # 362-64.  This is not a true objection.  Rather, it is a mere restatement of the argument Petitioner set forth in his Traverse which was thoroughly addressed by the magistrate judge in his Report and Recommendation.  *See* ECF No. 16 at PageID #: 398-401.  Petitioner's objection is, therefore, overruled.

7

(1:15CV1352)

### ii.  Ignorance of the Law

Petitioner also "independently" raises an objection to the magistrate judge's Report and Recommendation on grounds that the magistrate judge erred by "recasting" Petitioner's "misled by state procedures" argument as an "ignorance of the law argument."  ECF No. 21-2 at PageID #: 415-16.  Petitioner contends that the magistrate judge's finding was erroneous because it is contrary to "the United States Supreme Court controlling precedent [in *Pliler v. Ford*, 542 U.S. 225 (2004)] . . . cited by Petitioner in his Traverse[.]"  *Id.* at 415.  Specifically, Petitioner alleges that the magistrate judge "overlook[ed]" that "equitable tolling may be available where procedural instructions may be misleading, or where the petitioner is misled by the court or the state."  *Id.*  Petitioner argues that his having been  "misled by the state procedural rules [] warrant[s] equitable tolling of a four day period" because "[i]t is not unreasonable for a prospective habeas petitioner to believe, however mistakenly, that, upon the timely filing of a 26(B) Application, his habeas limitations period would not yet then begin to run."  *Id.* at 416.

 This objection repeats the arguments Petitioner made in his Traverse (ECF No. 11).  *See* ECF No. 11 at PageID # 362-64.  It is not a true objection.  Rather, this objection is also a mere restatement of an unsuccessful argument Petitioner set forth in his Traverse.  This argument, like the last, was thoroughly addressed by the magistrate judge in his Report and Recommendation.  *See* ECF No. 16 at PageID #: 398-401.  Petitioner's objection is, therefore, overruled.

### C.  Equitable Tolling

Despite being under no legal obligation to do so, the undersigned has reviewed the analysis of the magistrate judge relative to the equitable tolling arguments raised in Petitioner's

8

(1:15CV1352)

Traverse. The Court concurs with the magistrate judge's finding that, absent the benefit of equitable tolling, *pro se* Petitioner Patrick Minefee's Petition for a Writ of Habeas Corpus (ECF No. 1) is untimely and should be dismissed.

Petitioner raised an equitable tolling argument in his Traverse after Respondent argued his petition was untimely. *See* ECF No. 11 at PageID #: 362-64. If applicable, Section 2244 tolls the one-year limitations period for filing a petition for writ of habeas corpus until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The Court finds that Petitioner has not demonstrated that he has pursued his rights diligently and that some extraordinary circumstance stood in his way. Petitioner merely cites cases that are factually distinct and offers conclusory assertions that the Court should consider the difficulties inherent in the prison environment which were brought upon by his impending institutional transfer.

Petitioner's institutional transfer occurred on June 23, 2015. *See* ECF No. 14 at PageID #: 384; Inmate Property Record-Disposition and Receipt MALE, ECF No. 11-1. The magistrate judge found that the statute of limitations for filing a habeas petition expired on June 25, 2015. ECF No. 16 at PageID #: 396. Petitioner concedes that he was advised of his institutional transfer in April 2015. *See* Traverse - Declaration of Petitioner, ECF No. 11 at PageID #: 369, ¶ 2. Petitioner also concedes that he delivered his habeas petition into the prison mailing system

9

(1:15CV1352)

on June 29, 2015.  *Id.* at PageID #: 360.  The petition was filed four days late.  The magistrate

judge did not err in finding that *pro se* Petitioner's institutional transfer and waiting until the last

minute to file his petition does not warrant equitable tolling of the statute of limitations.

Petitioner's circumstances were not extraordinary and Petitioner did not pursue his rights

diligently by waiting until the last minute to file his petition.

     *Pro se* Petitioner's reliance on the Supreme Court's holding in *Pliler v. Ford*, 542 U.S.

225 (2004) is also unavailing.   State procedures were not misleading.   Rather, Petitioner

"reasonably relied upon" his mistaken belief that the state appellate court's determination that his

26(B) Application was timely filed —a collateral review— meant that the limitations period

under 28 U.S.C. § 2244 had "not started to run, because his state court procedures were still

being pursued."  ECF No. 21-2 at PageID#: 415.  Section 2244 tolls the one-year limitations

period for filing a petition for writ of habeas corpus during the time "a properly filed application

for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2).

"The time that an application for state post[-]conviction review is 'pending' includes the period

between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of

appeal, *provided* that the filing of the notice of appeal is timely under state law." *Evans v.*

*Chavis*, 546 U.S. 189, 191 (2006).

     The statute of limitations for Petitioner to file his habeas petition commenced forty-five

(45) days after the state appellate court affirmed his conviction and the time to file notice of

(1:15CV1352)

appeal with the Supreme Court of Ohio expired.[3]  For reasons well articulated, the magistrate

judge generously found that, at the very least, pursuant to § 2244, the statute of limitations began

running on September 4, 2013.  ECF No. 16 at PageID #: 394 n.1.  The statute of limitations ran

for twenty-eight (28) days before it was tolled by Petitioner's 26(B) Application to reopen his

appeal.  The statute of limitations continued to toll until July 23, 2014 when the Ohio Supreme

Court declined to accept jurisdiction over Petitioner's appeal from the denial of his 26(B)

Application.  The limitations period expired on June 25, 2015—337 days later or after 365 days

(28 days + 337 days).  Petitioner did not file his habeas petition until June 29, 2015.

Accordingly, Petitioner's mistaken belief that the limitations period did not begin to run

provides no grounds for relief from the Court's earlier judgment.

### IV.  Conclusion

Petitioner's Motion for Relief from Judgment (ECF No. 21) is denied.  Petitioner's

Objections to Magistrate's Report and Recommendation of 12/07/15 (ECF No. 21-2) are deemed

timely filed and are overruled.  The Court's earlier ruling (ECF Nos. 18, 19) adopting the

magistrate judge's Report and Recommendation (ECF No. 16) and dismissing Petitioner Patrick

Minefee's Petition for a Writ of Habeas Corpus (ECF No. 1) as time barred stands.  Remand is

unnecessary.

---

[3]  "The 'standard' start date for the one-year statute of limitations comes from 28
U.S.C. § 2244(d)(1)(A).  Here, Minefee's conviction became final forty-five days after
the Eighth District Court of Appeals affirmed his conviction, (Exhibit 11), or on
September 2, 2013.  Absent any tolling, Minefee had one year from that date in which to
file his habeas petition. 28 U.S.C. § 2244(d)(1)(A)."  *See* ECF No. 9 at PageID #: 35-36.

(1:15CV1352)

      The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision

could not be taken in good faith, and that there is no basis upon which to issue a certificate of

appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).



      IT IS SO ORDERED.


  January 9, 2017                  /s/ Benita Y. Pearson      
Date                              Benita Y. Pearson
                                United States District Judge